UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PETITION OF DAYTONA BEACH
AQUA SAFARI, INC.,**

        Petitioner,

v.                                               Case No: 6:22-cv-740-CEM-DCI

**SANDRA CASTLE and UNKNOWN
POTENTIAL CLAIMANTS,**

        Claimants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Second Motion to Stay Limitation Action and to Lift Injunction Against State Court Action Based on Stipulations Protecting Petitioner's Limitation Action (Doc. 25) |
| **FILED:** | December 13, 2022 |
| **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**. | |

The Court previously ordered that:

[T]he commencement or further prosecution of any action, suit or proceeding in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim arising out of, or connected with the incident set forth in the Complaint herein, be and the same are hereby **STAYED AND RESTRAINED** until the final determination of this proceeding.

Doc. 13 at 3. Claimant Sandra Castle (Claimant) now seeks to lift that injunction. Doc. 25 (the Motion). The Motion was not responded to, and the time to respond has passed. Local Rule 3.01(c). Accordingly, the Court finds that the Motion is unopposed. *Id.*

When there is only a single claimant in a limitation action, "the district court may, at its discretion, order a stay of the limitation action to allow the claim to be tried in another forum." *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251, 1258 (11th Cir. 2014) (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448–51 (2001)). "Before a stay may issue, however, the claimant must enter a series of stipulations that 'effectively guarantee that the vessel owner will not be exposed to competing judgments in excess of the limitation fund.'" *Id.* (quoting *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1038 (11th Cir. 1996)). "Specifically, the claimant must waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding." *Beiswenger*, 86 F.3d at 1038 (citations omitted).

Here, Claimant is a single claimant; no other persons or entities have appeared in this action in accordance with the Court's prior Order. Doc. 13. Thus, Claimant may utilize the single claimant rule, so long as her stipulations are adequate. *See, e.g., In re Island Maritime Servs., Inc.*, No. 8:10-cv-1632-T-33TGW, 2011 WL 3585937, at *2 (M.D. Fla. Aug. 16, 2011) ("This Court is faced with a single claimant situation because the claims period has closed, and only one claim [] remains for adjudication. Barring an inadequate stipulation, the Court must allow [claimant] to litigate in its chosen forum.").

The Court finds that Claimant's stipulations generally comport with *Beiswenger*, and notes that courts in this District have entered similar stipulations when lifting injunctions. *See id.* at *2–

3; *see also In re Everglades Airboat Mgmt LLC*, No. 2:14-cv-380-FtM-29CM, 2014 WL 7375515, at *3–4 (M.D. Fla. Dec. 29, 2014), *report and recommendation adopted by* 2015 WL 307047. Claimant has stipulated that she will "waive any res judicata and issue preclusion defenses related to any decisions, rulings, or judgments of any state court or any forum other than this Court." Doc. 25-3 at 1; *see Beiswenger*, 86 F.3d at 1044 ("[T]he stipulations must protect the vessel owner's right to litigate its claim to limited liability exclusively in the admiralty court. . . . The damage claimants must agree not only to waive a 'res judicata' defense, but must also agree to waive the related defense of issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court."). Claimant has also stipulated that Petitioner will be protected "from litigation by the damage claimants in *any* forum outside the limitation proceeding," not only in state court. *Beiswenger*, 86 F.3d at 1044 (emphasis original); Doc. 25-3 at 1–2.

However, the Court finds that Claimant has not "adequately stipulated to the manner in which [her] case will proceed in the event the admiralty court grants either Petitioner's request for *exoneration from*, or limitation of, liability." *In re Everglades*, 2014 WL 7375515, at *3 (emphasis added). Claimant has stipulated as to how her case will proceed if the Court limits liability, but she has not stipulated as to how her case will proceed in the event the Court grants Petitioner's request for exoneration.[1] *Cf. id.* ("Claimants further stipulate that, in the event this Court grants the Petitioner's Complaint for Exoneration, there shall be no recovery from the Petitioner. Alternatively, Claimant stipulates that, in the event this Court grants the Petitioner's request for limitation of liability and damages, the total aggregate of all claims will be limited to the limitation

---

[1] In the complaint, Petitioner seeks both exoneration and, in the alternative, limitation of liability. Doc. 1.

fund established."); *see* Doc. 25-3 at 1–2.  The Court finds it appropriate to allow Claimant to amend her stipulations to adequately address this issue.

As a final note, the Motion does not contain a certificate of good faith conferral pursuant to Local Rule 3.01(g), which is an additional basis to deny the Motion.  If Claimant files a renewed motion, she must include a certification pursuant to Local Rule 3.01(g), in which she must indicate whether the relief sought is opposed.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the Motion (Doc. 25) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on January 5, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties